UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

   v.

KIM J. ANDERSON,

        Defendant.
                                     /

NO. CR. S-05-46 LKK

O R D E R

On September 24, 2004, the Forest Service issued defendant, Kim J. Anderson ("Anderson"), three violation notices: (1) for alleged violation of 36 C.F.R. Pt. 261.10(a), constructing and improvement on national forest land without special use authorization; (2) for alleged violation of 36 C.F.R. Pt. 261.9(a), damaging a natural feature; and (3) for alleged violation of 36 C.F.R. Pt. 261.9(g), digging in, excavating, disturbing in any way damaging any historic or archeological resource site.

On November 17, 2004, defendant appeared before Magistrate Judge Gregory G. Hollows and pled not guilty. A court trial was

scheduled for Monday January 24, 2005. The government did not seek any sentence of imprisonment and the court determined that no sentence of imprisonment would be imposed.[1]

After a 40-minute court trial where defendant represented himself, Judge Hollows found the defendant guilty of all three charges. Thereafter, the court imposed a sentence of court probation for one year, $1700 in restitution, a $500 fine, and a $30 special assessment ($10 per count). The court scheduled a hearing for February 16, 2005, giving the defendant the opportunity to show that he is unable to pay the fine and restitution.

At the February 16 hearing, Judge Hollows determined that defendant had the ability to pay the fine and restitution and ordered them paid by August 17, 2005. Judgment was entered on February 1, 2005. Defendant filed a timely notice of appeal. On May 10, 2005, the parties appeared before this court for a Status Conference regarding the appeal. The court granted the defendant's request for a stay of execution of the sentence pending the appeal and vacated the August 17 hearing.

Pending before the court is defendant's appeal of the magistrate judge's order imposing restitution.

**A.   WHETHER THE MAGISTRATE JUDGE HAD STATUTORY AUTHORITY TO IMPOSE RESTITUTION**

Defendant argues that his sentence must be vacated because the magistrate judge improperly imposed restitution. He argues that

---

[1] Thus, the court determined that defendant was not entitled to appointed counsel.

restitution as a criminal penalty is not authorized under 18 U.S.C. § 3556 for violations under Title 36 of the Code of Federal Regulations.  Defendant's argument is unavailing.

While it is true that federal courts do not have the inherent power to award restitution, and may do so only pursuant to statutory authority, United States v. Hicks, 997 F.2d 594, 600 (9th Cir. 1993), the court is authorized by statute to impose certain conditions of probation under 18 U.S.C. § 3563(b).

The authority to impose restitution derives from 18 U.S.C. § 3556, which provides that a court may order restitution in accordance with §§ 3663A or 3663.  Section 3663A of Title 18 defines the criteria for mandatory restitution under the Mandatory Victims Restitution Act of 1996, which orders restitution for offenses that fall within titles 18 and 21 of the United States Code.  Section 3663 defines the criteria for permissive restitution, which authorizes restitution of offenses described within Titles 18, 21, and 49 of the United States Code.  These two sections provide that a federal court generally may order restitution as part of a sentence itself when the defendant is convicted of a specified collection of statutes under the specified Titles.  This collection of statutes, however, does not include the statutes defendant violated here, which fall under offenses within Title 36.

The government, however, is correct that the court is authorized by statute to impose certain discretionary conditions of probation pursuant to 18 U.S.C. § 3563(b).  Under § 3563(b), the

court may require the defendant to make restitution to a victim of the offense under § 3556 "but not subject to the limitation of section 3663(a) or 3663A(c)(1)(A))." The Ninth Circuit has interpreted that language to mean that when a court sentences a convicted defendant to a term of probation, it may include a condition that he pay restitution to a victim, regardless of whether the offense of conviction is listed in § 3663 or 3663A. See United States v. Gamma Tech Indus., Inc., 265 F.3d 917, 924 n. 7 (9th Cir. 2001)("Although Gamma Tech was not convicted of an offense specified in 18 U.S.C. § 3663(a)(1), which refers only to offenses in Titles 18, 21 and 49 of the U.S. Code, the district court properly imposed restitution as a discretionary condition of Gamma Tech's probation under 18 U.S.C. § 3563(b)(3)")[2]; see also United States v. Butler, 297 F.3d 505, 518-20 (6th Cir. 2002) (interpreting sections 3563(b) and 3583(b) as permitting restitution as a condition of supervised release in a Title 26 tax evasion case); United States v. Bok, 156 F.3d 157, 166 (2d Cir. 1998)(same); United States v. Dahlstrom, 180 F.3d 677, 686 (5th Cir. 1999)(same in securities fraud case).

////

---

[2] Defendant argues in his reply brief that the facts of the Gamma Tech case are distinguishable because it involved whether the district court had discretion to identify victims and impose restitution. This distinction, however, does not undermine the Ninth Circuit's clear explanation in footnote seven that "even though Gamma Tech was not convicted of an offense specified in 18 U.S.C. § 3663(a)(1), which refers only to offenses in Titles 18, 21 and 49 of the U.S. Code, the district court properly imposed restitution as a discretionary condition of Gamma Tech's probation under 18 U.S.C. § 3563(b)(3)."

1    In sum, binding precedent, as well as the statute's language
2 support the conclusion that a judge may award restitution as a
3 condition of supervised release without regard to the limitations
4 in § 3663(a).  Thus, Judge Hollows did not improperly impose
5 restitution as a condition of probation because 18 U.S.C. § 3563
6 provided adequate statutory authority.

7 **B.  WHETHER THE RESTITUTION ORDER CORRESPONDED TO LOSS CAUSED BY DEFENDANT**
8

9    Defendant additionally argues that because the magistrate
10 judge did not find that he actually dug the hole in question, the
11 court could not impose restitution for the loss to the government
12 in having to fill the hole, citing <u>Hughey v. United States</u>, 495
13 U.S. 411, <u>on remand</u>, 907 F.2d 39 (5th Cir. 1990)(holding that the
14 sentencing court may order restitution "only for the loss caused
15 by the specific conduct that is the basis of the offense of
16 conviction.").  Defendant's argument is not supported by the
17 record.

18    As the government maintains, Judge Hollows did find, based on
19 the record, that defendant dug the hole.  On cross-examination,
20 Officer Harris, the U.S. Forest Service Law Enforcement Officer who
21 issued defendant the three violation notices, testified that he did
22 not see Mr. Anderson digging the hole.  Trial Transcript ("T.T.")
23 at 10:19-24; 11:23-24.  However, when Mr. Anderson asked Officer
24 Harris whether he knew who dug the hole, Officer Harris responded
25 "Yes," and stated, "You.  You told me that the week prior to that
26 you had been there to dig the hole, and that this was a two-stage

5

construction project. You dug the hole the weekend before, or the weekend prior, or two weekends before, something like that, and that you had returned to complete the project." Id. at 12:18-22. The government rested its case thereafter. As the government notes, the plaintiff presented no evidence to rebut the government's evidence which included the defendant's admission to Officer Harris that he dug the hole. After the court found defendant guilty of all the charges set forth in the charging document, defendant asked the court whether the court had a witness saying that he had committed the aforementioned offenses, including the digging of the hole. Judge Hollows explained that, "I think we have admissions that I find as credible." Judge Hollows elaborated that such admissions were "recounted by the officer," and constituted "sufficient evidence" to find defendant "guilty beyond a reasonable doubt" as to "all three charges." T.T. at 22:7-13.[3]

---

[3] It appears that defendant relies upon a statement that the magistrate judge made during the course of the sentencing, where the judge states:

> In some respects, Mr. Anderson, if I had this, if I hadn't found that there's no possibility of imprisonment, I might well have put you in jail for a few days for - I don't know whether you dug the [hole], if you will, putting the cement in there on a natural [feature] and Forest Service land as if it were your own . . . .

T.T. at 24.

Despite the court's statement, however, it is clear that the court earlier concluded that there was sufficient evidence that the defendant admitted to Officer Harris that he had dug the hole.

1    Based on the record before it, this court is satisfied that
2 the magistrate judge did find that defendant dug the hole and could
3 impose restitution for the loss to the government in having to fill
4 the hole.

5 **C. WHETHER THE MAGISTRATE JUDGE COMMITTED PLAIN ERROR IN NOT GIVING DEFENDANT MORE TIME TO CHALLENGE THE PROPOSED RESTITUTION AMOUNT**

7    Defendant further argues, for the first time on appeal, that
8 he was not given sufficient notice that the government was seeking
9 more than $1700 in restitution.  He claims that he should have had
10 advance notice so that he could obtain an alternative estimate.
11 Defendant maintains that he received no notice or opportunity to
12 prepare or obtain an estimate from his own expert, and thus, his
13 due process rights were violated.  See Def.'s Opening Br. at 10-12.

14    Because defendant raises these issues for the first time on
15 appeal, the court reviews for plain error.  United States v. Olano,
16 507 U.S. 725, 731 (1993).  Under the plain error standard, the
17 defendant must show that (1) there was error; (2) the error was
18 "plain"; and (3) the error affected "substantial rights."  Id. at
19 732.  If such a finding is made, this court is still not required
20 to reverse unless the error "seriously affect[ed] the fairness,
21 integrity, or public reputation of judicial proceedings." United
22 States v. Cooper, 173 F.3d 1192, 1203 (1999)(quotation marks and
23 citations omitted).

24    Defendant argues that under 18 U.S.C. § 3556, the court must
25 follow various procedural requirements in ordering restitution, and
26 that the court's failure to follow such requirements constitutes

7

plain error which requires vacating defendant's sentence and remanding the case for resentencing.[4] I cannot agree. As defendant correctly notes, the Ninth Circuit has held that in the absence of a plea agreement or in those cases where the plea agreement is silent on the amount of restitution, the court can order restitution in an amount up to the amount of "actual damages." <u>United States v. Parrott</u>, 992 F.2d 914, 917 (9th Cir. 1992)(citing 18 U.S.C. § 3651). The "actual damages" must be established by some type of "judicial determination." <u>Id</u>. (citation omitted). The court noted that "[s]uch judicial determination may be made at trial" and that it might also "be made after a separate hearing for the purpose of fixing the amount of restitution." <u>Id</u>. (citations omitted). As defendant explains, "[b]efore the amount of restitution can be determined, however, the defendant must be afforded notice," citing <u>United States v. Schiek</u>, 806 F.2d 943, 944 (9th Cir. 1986), <u>cert. denied</u>, 481 U.S. 1032 (1987).

////

---

[4] Among other things, 18 U.S.C. § 3664 requires that:

(a) For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant. If the number or identity of victims cannot be reasonably ascertained, or other circumstances exist that make this requirement clearly impracticable, the probation officer shall so inform the court.

In the case at bar, there is no doubt that the no plea agreement existed and that the charging document did not specify the amount of loss which would be the appropriate basis for a restitution amount. The court made a determination as to the restitution amount after the government provided it with a report from an engineer who estimated the cost of removing the cement and refilling the hole at $1790.67. T.T. at 22. Judge Hollows discussed the possibility of allowing defendant to restore the site, which "includes restoring that to its natural [state], it's filling in the hole . . . ." T.T. 23:12-14. The government rightly notes that defendant did not object to the restitution amount thereafter but only objected to his ability to pay. The government argues that the court's determination serves as sufficient notice to meet statutory requirement. This argument does not comport with Parrott where the Ninth Circuit held that "[b]efore the amount of restitution can be determined, however, the defendant must be afforded notice."

Unfortunately, the court does not further elaborate on what would constitute sufficient "notice." The parties have failed to provide the court with authority which elaborates on what type of notice a defendant must be afforded under the circumstances. The court is also unable to locate other binding authority which might provide guidance in the instant case. It appears to the court that defendant was not provided with prior notice of the restitution requested by the government, and that the first time he was informed of restitution was when he was briefly shown the

9

government's engineer report at trial.  T.T. 23-24.

Despite the above conclusion, this court cannot conclude that the lack of notice affected defendant's "substantial rights." Defendant argues that his substantial rights were affected because if had he been afforded notice, he might have been able to obtain an estimate from his own expert. Repl. at 9.  The record reflects that defendant probably could not have obtained his own expert to provide an estimate of damages, even if another hearing were set to determine restitution after defendant was provided a copy of the engineer's report at trial.  At the close of the government's case, the court asked defendant whether he intended to present a case with evidence and witnesses.  Defendant stated that "I was going to go up and get some pictures, but I waited too long, and it got all snowed in, so there was really nothing I could take a picture of."  T.T. at 19.[5]

Moreover, and perhaps more to the point, defendant has offered nothing to this court to indicate the amount ordered was

---

[5] Further, although defendant argues that the court had already made a determination as to restitution following trial, and that no further hearing was scheduled to determine the amount of restitution, the record is not completely clear as to that fact. It might be argued that the February 16 hearing was scheduled to determine whether restitution was appropriate. Judge Hollows explained to defendant at the end of trial that in February he was to bring his financial records. Specifically, Judge Hollows stated that after he received defendant's complete financial record, he would "make a final determination as to whether or not you can do that or not."  Notably, he also stated that "[i]f you can't, I'll re-impose some other type of sentence at that point in time."  T.T. at 28 (emphasis supplied).  Thus, as the government argues, it is not completely clear whether the February hearing date was scheduled in order to determine whether defendant could pay the restitution.

inappropriate. Under the circumstances, any error committed did not seriously affect the fairness or integrity of the judicial proceedings. Indeed, the record demonstrates that the magistrate judge acted fairly and preserved the integrity of defendant's judicial proceedings. Judge Hollows heard defendant in mitigation, considered the possibility of allowing defendant to do the work to refill the hole himself (which the government objected to), and set a further hearing to determine whether defendant was able to pay the $1700 restitution and fines.

**ORDER**

For all of the reasons set forth above, the court affirms the magistrate judge's order. Because the magistrate judge's sentence was stayed pending this appeal, the court orders that the stay be lifted, reinstates the sentence, whereby the defendant will be on court probation for one year, and he must pay $1700 restitution, a $500 fine, and a $30 special assessment within six months of the reinstatement of his sentence.

IT IS SO ORDERED.

DATED: January 5, 2006.

/s/Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT